UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KRISTY OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  3:20-cv-934 |
| | ) |
| FOREST RIVER | ) |
| MANUFACTURING, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ms. Kristy Owens, hereinafter "Ms. Owens", by counsel, pursuant to Fed. R. Civ. P. 3, and files her Complaint against Defendant, Forest River Manufacturing, LLC, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, and sex discrimination under Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), as amended by U.S.C.A. § 200e(k).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Indiana. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. Owens, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a domestic limited liability company doing business in the state of Indiana and registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about July 19, 2019, Ms. Owens filed timely charges of Sex Discrimination and Retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2019-03791.

8. On or about August 6, 2020, Ms. Owens received a Notice of Right to Sue from the EEOC for Charge Number 470-2019-03791, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## **FACTS**

10. The Defendant hired Ms. Owens on or about October 18, 2017.

11. Throughout her employment with Defendant, Ms. Owens met or exceeded Defendant's legitimate expectations of performance.

12. Ms. Owens' position was to work with production and quality control.

13. During the course of her employment, Ms. Owens was subject to sexual harassment from Andrew Schwartz, Plant Manager, and Midline Group Leader, Jesse Bontrager.

14. Some examples of this harassment include but is not limited to, sexual comments being made, inappropriate photos posted in the workplace, and inappropriate fixtures on work equipment.

15. Marilyn Miller, head of Quality Control, and Carl Miller, head of local plants, were informed of the issues and no action was taken by Defendant.

16. Prior to making a complaint about the sexual harassment, Ms. Owens received positive feedback on her Tent Camper Check List reviews.

17. On or about January 29, 2019, Ms. Owens' Check List review stated "Awesome Job!!"

18. On or about February 4, 2019, Ms. Owens' Check List review stated "Good Job!!"

19. However, after Ms. Owens made complaints about the sexual harassment, she started being written up for various reasons.

20. On or about February 11, 2019, Ms. Owens reported the sexual harassment to the Berkshire Hathaway Inc. ethics hotline.

21. Ms. Owens was written up in retaliation for reporting the sexual harassment behavior.

22. On or about February 27, 2019, Ms. Owens was terminated.

23. Defendant did not investigate or issue any discipline or corrective action for the discriminatory behavior that Ms. Owens faced from employees of Defendant.

24. The Defendant permitted a hostile work environment where Ms. Owens was discriminated on the basis of her sex.

25. The Defendant did nothing to correct the hostile work environment in which Ms. Owens was made to work.

26. The Defendant willfully and intentionally discriminated against Ms. Owens on the basis of her sex.

27. The Defendant retaliated against Ms. Owens due to her filing a sexual harassment complaint.

28. The Defendant terminated Ms. Owens in retaliation for filing a sexual harassment complaint.

## COUNT I

## DISCRIMINATION ON THE BASIS OF SEX

Ms. Owens, for her first claim for relief against Defendant, states as follows:

29. Ms. Owens hereby incorporates by reference paragraphs 1 through 28 as though previously set out herein.

30. Ms. Owens' work environment was hostile towards women.

31. The Defendant permitted a hostile work environment to exist for Ms. Owens.

32. The Defendant intentionally allowed harassment towards Ms. Owens to occur.

33. The Defendant did nothing in response to Ms. Owens' complaints of sexual harassment to insure that the behavior stopped.

34. The Defendant terminated Ms. Owens due to her sex.

35. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Ms. Owens' rights as a female employee, engaged in unlawful discriminatory employment practices, materially affecting and altering the terms and conditions of her employment, in violation of Title VII.

36. Ms. Owens has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION

37. Ms. Owens hereby incorporates by reference paragraphs 1 through 36 as though previously set out herein.

38. The Defendant failed to correct the sexually hostile work environment that Ms. Owens was subject to after she made complaints of sexual harassment.

39. The Defendant terminated Ms. Owens sixteen (16) days after she made a formal complaint of sexual harassment with an ethics management organization.

40. The Defendant terminated Ms. Owens due to her sex.

41. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Ms. Owens' rights as a female employee, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of her employment, in violation of Title VII.

42. Ms. Owens has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Owens, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Owens her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages;

f. Pay for lost future wages;

g. Pay to Ms. Owens all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre and post judgment interest;

i. Provide to Ms. Owens all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Ms. Owens, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Tiffany R. Guthrie*
Tiffany R. Guthrie 35878-49
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
Tiffany@getstewart.com
Attorneys for Plaintiff,
Kristy Owens